IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
OCT 13 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____ Deputy Clerk

| | |
|---|---|
| KANDACE DURAN, As Personal Representative of the Estate of PAUL DAVID DURAN, JR, <br><br> Plaintiff, <br><br> vs. <br><br> 1. DARRELL WILSON, in his individual capacity, <br> 2. LEROY HENRY, in his individual capacity, <br> 3. RANDY WORKMAN, Warden, in his individual capacity, <br> 4. LINDA MORGAN, Deputy Warden, in her individual capacity, and <br> 5. TERRY CRENSHAW, Deputy Warden, in his official capacity, <br><br> Defendants; | Case No. CIV 10-379-KEW <br><br> JURY TRIAL DEMANDED <br><br> ATTORNEY LIEN CLAIMED |

**COMPLAINT**

Plaintiff, Kandace Duran, as Personal Representative of the Estate of Paul Duran, alleges:

**Parties, Jurisdiction, and Venue**

1.      The events giving rise to this action occurred at the Oklahoma State Penitentiary ("OSP") at McAlester, Oklahoma.

2.      Plaintiff Kandace Duran is a citizen of Oklahoma and a resident of Oklahoma County, Oklahoma. Kandace Duran has been appointed personal representative of the estate of Paul Duran in the District Court in and for Oklahoma County, State of Oklahoma, Case No. PB-

Page 1 of 7

2009-893. Paul Duran was an inmate at the OSP at the time of his death.

3. Defendant Darrell Wilson was, at all times material to this action, working as a prison guard for the OSP.

4. Defendant Leroy Henry was, at all times material to this action, working as a prison guard manager for the OSP.

5. Defendant Randy Workman was, at all times material to this action, employed as the Warden for the OSP.

6. Defendant Linda Morgan was, at all time material to this action, employed as a Deputy Warden for OSP.

7. Defendant Terry Crenshaw was, at all times material to this action, employed as a Deputy Warden for OSP.

8. This action arises under the 4th, 8th and 14th Amendments to the Constitution of the United States. This is a federal claim under 42 U.S.C. § 1983. In *Cooper v. Pate* (378 U.S. 546, 1964) the U.S. Supreme Court held that the Civil Rights Act of 1871 (42 USC 1983) granted protection to prisoners. The code states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

9.  This Court has original jurisdiction of the federal claims under and by virtue of Title 28 of the United States Code, Section 1331.

10. A substantial part of the events giving rise to the claims asserted in this *Complaint* occurred in the Eastern District of Oklahoma. Venue is proper under Title 28 of the United States Code, Section 1391(b)(2).

**Historical Background**

11. In 2002 Paul David Duran Jr. ("Duran") was a 16-year-old boy involved in a home invasion with another minor (Warren Alan Plank) and 25-year-old Jesse James Dalton ("Dalton"). During the home invasion, Dalton shot and killed one of the home's occupants, Billy Wayne Ray ("Ray").

12. Duran was charged along with Dalton in Ray's killing. Duran confessed to his involvement in the crime and agreed to testify against Dalton.

13. In 2003, Paul Duran pled guilty to robbery with a firearm and was sentenced to serve twenty-eight years in prison.

14. With the assistance of Duran's testimony, Dalton was convicted and sentenced to life in prison without parole.

15. Though the two inmates were designated as "separatees" - meaning they are supposed to be kept isolated from one another - Duran and Dalton had a number of encounters while serving their sentences in the Department of Corrections. Their last encounter ended in Duran's death.

**Factual Allegations**

16. Upon information and belief, Duran was suspected of violating prison policies. It

is believed that the guards intended to discipline Duran by subjecting him to the prison's "unofficial" gladiator system.

17. It is believed that Duran and Defendant Wilson had an argument about the allegations against Duran, after which, Wilson told Duran, "I got somebody for you."

18. Upon information and belief, Duran had expressed fear that Defendant Wilson would retaliate against him for the argument and told other inmates that he feared for his life.

19. Upon information and belief, Duran had previously submitted a "Request to Staff" to Defendants Morgan and Crenshaw, requesting that he not be moved near Dalton but the Defendants did not responded.

20. Upon information and belief, in March 2009, Defendant Wilson and other unknown guards with knowledge that Duran and Dalton had been co-defendants who were not to be placed in the same cell, placed Duran in Dalton's cell.

21. Dalton beat Duran to death within minutes of Duran's placement in Dalton's cell.

## COUNT ONE
## (FOURTH AMENDMENT)

22. The acts and conduct of Defendants Wilson, Harris, Workman, Morgan, and Crenshaw, ("Defendants") deprived Duran of his civil rights and protection under the 4th Amendment of the United Stated Constitution in that Defendants did not afford Duran his due process under law.

23. Defendants subjected Duran to the prison's pervasive but "unofficial" gladiator system as a means of punishment, rather than affording him the usual protections of the Department of Corrections "official" discipline policy.

24. Defendants deprived Paul Duran of his request to be transferred to another correctional facility or otherwise be kept separate from Dalton.

25. As a result of Defendants' employing and/or allowing a gladiator system as a means of "guarding" the prisoners at OSP, Duran was killed as a part of this illegal and inappropriate process.

26. As a result of Defendants' failure to honor - or at least officially respond to - Duran's requests, Duran was killed by someone with whom he should not have even been allowed contact.

27. The acts, conduct and behavior of DEFENDANTS were repugnant to mankind, deliberately indifferent and in reckless disregard of the rights of Duran, as a consequence of which Duran is entitled to exemplary damages to be determined by a jury.

## COUNT TWO
## (EIGHTH AMENDMENT)

28. The acts and conduct of Defendants Wilson, Harris, Workman, Morgan, and Crenshaw, ("Defendants"), deprived Duran of his rights, guarantees and privileges under the Eighth Amendment to the United States Constitution in that Defendants had a duty to provide a safe environment for Duran as a prisoner - wholly dependent upon them for his safety - but breached that duty by placing Duran in a cell occupied by a co-defendant against whom he testified, failing to properly train and instruct their guards, servants and employees in the supervision of prisoners and their placement among other inmates, and failing to provide proper policies and procedures to protect Duran from known dangers, all with deliberate indifference to Duran's constitutional rights.

29. Paul Duran died as a legal and proximate cause of the deliberate indifference of DEFENDANTS to the known serious substantial risk of harm at the hands of Dalton.

30. The acts, conduct and behavior of DEFENDANTS were repugnant to mankind, deliberately indifferent and in reckless disregard of the rights of Duran, as a consequence of which Duran is entitled to exemplary damages to be determined by a jury.

31. DEFENDANTS' deliberate indifference to Duran's known substantial risk of harm if placed in the same cell as a co-defendant against whom he had testified violates Duran's clearly established 8th Amendment Constitutional right to be free from cruel and unusual punishment.

WHEREFORE, premises considered, Kandace Duran, an individual and as Personal Representative of the Estate of Paul Duran prays a) actual damages against DARRELL, LEROY HARRIS, WILSON, RANDY WORKMAN, LINDA MORGAN, TERRY CRENSHAW, in an amount to be determined by a jury; b) Exemplary damages against DARRELL WILSON, LEROY HARRIS, RANDY WORKMAN, LINDA MORGAN, TERRY CRENSHAW, in an amount to be determined by a jury; c) Reasonable attorney's fees; and d) such other and further relief as the Court deems just and proper.

JURY TRIAL DEMANDED.
ATTORNEY'S LIEN CLAIMED.

Scott A. Graham, OBA # 19817
Anthony L. Allen, OBA #19738
GRAHAM, ALLEN & BROWN
Philtower Building
427 S. Boston, Ste 355
Tulsa, Oklahoma 74103
(918) 948-6171 Phone (800) 460-3446 Fax

and

s/Bill Smith
Bill Smith, OBA #15845
925 N.W. 6th Street
Oklahoma City, Oklahoma 73106
(405) 232-3464

**ATTORNEYS FOR PLAINTIFF**